IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**,     ) | |
| ) | |
| **Plaintiff**     ) | |
| ) | |
| v.     ) | **CIVIL ACTION NO.** |
| ) | **2:11-CV-02764-KOB** |
| ) | |
| **LAKEISHA PEARSON**,     ) | |
| ) | |
| **Defendant.**     ) | |

**MEMORANDUM OPINION**

This case, seeking injunctive relief against Defendant Lakeisha Pearson, is before the court on Defendant's Motion for Relief From Judgment or Order (doc. 19), Defendant's Motion to Modify or Dissolve Order (doc. 24), and Plaintiff's Motion for Sanctions Seeking an Order Holding Pearson in Contempt. (doc. 28). For the reasons stated in this Memorandum Opinion, the court finds the Defendant's motions are due to be DENIED and the Plaintiff's motion is due to be GRANTED.

**I. BACKGROUND**

On August 3, 2001, the United States filed a complaint seeking to enjoin Ms. Pearson from filing tax returns and compelling her to provide it with a list of her clients and copies of the returns she prepared. (doc. 1, 3). The complaint alleged that Ms. Pearson had prepared false and fraudulent returns costing the Government an estimated $8.3 million. (doc. 3). Ms. Pearson's failure to answer and appear at a default hearing led this court to issue a Final Judgment and Permanent Injunction. The injunction required Ms. Pearson to produce a sworn statement as

evidence of her compliance with requests to provide a detailed list of all persons for whom she has prepared federal tax returns or claims for refund since January 1, 2008, as well as copies of all returns or claims for refund that she prepared, or directed, for customers after January 1, 2008. (doc. 14).

After Ms. Pearson failed to comply with this court's order, the United States filed a Motion to Show Cause Why Defendant Pearson Should Not Be Held In Contempt of Court on March 26, 2012 (doc. 15). This court issued a show cause order and scheduled a hearing on the matter. In response, Ms. Pearson filed a Response to Show Cause Order, alleging that a tornado struck her place of business on April 27, 2011, damaging the building and its contents. (doc. 20). She stated that the area had been blocked off to citizen access by government authorities; this action made it so the Defendant could not retrieve or inspect the contents of the building; when she was able to inspect the building, on June 14, 2011, its contents were missing. (doc. 20). Ms. Pearson also filed a Motion to Set Aside Judgment (doc. 19), asserting that this court should set aside its January 26, 2012 judgment pursuant to Federal Rule of Civil Procedure 60(b).

The cour held the show cause hearing on May 15, 2012 after which this court issued an order requiring Ms. Pearson to provide on or before May 29, 2012 any written evidence she may have to support her positions regarding the show cause order and her motion to set aside judgment; the court noted that failure to comply would result in Ms. Pearson being held in contempt. (doc. 23). Ms. Pearson filed a Motion to Alter Judgment on May 23, 2012, alleging that the purpose of this court's January 26, 2012 order had been fulfilled. She claimed she is no longer preparing tax returns, and the IRS cancelled her Tax ID. Additionally, she stated that water and mold from the April 27, 2011 tornado destroyed the software that contains the

information this court ordered her to produce. She also asserted the "Act of Production" Doctrine and Fifth Amendment protection against self-incrimination. (doc. 24).

Ms. Pearson filed an affidavit on May 25, 2012, in an attempt to comply with this court's show cause order. (doc. 25). This affidavit claimed: (1) the Defendant is not currently acting as a federal tax return preparer; (2) the Defendant does not have any representatives, agents, servants, employers, attorneys, independent contractors or anyone in active concert or participation aiding her in the preparation of federal tax returns; (3) the Defendant does not have an IRS Tax ID account presently and the ID used to prepare the allegedly fraudulent returns has been canceled by the IRS; and (4) the Defendant "cannot inform all persons that [she has] prepared tax returns or produce a list of names, social security numbers, addresses, e-mail addresses, phone numbers or produce copies of returns due to the fact that the software used in the preparation was destroyed by the April 27, 2011 tornado and is no longer in existence." (doc. 25).

The United States filed a Response in Opposition to Defendant's Motion to Alter Judgment with three attachments. (doc. 26). First, the United States attached a Declaration of IRS Agent Paul Glenon, in which he stated that he met the Defendant in his office on May 5, 2011. At this meeting, Agent Glenon stated that the Defendant produced nine of the ten requested client files with the tenth produced at a later date by one of the Defendant's employees. Agent Glenon claimed that at no time during their May 5 meeting did the Defendant mention the April 27, 2011 tornados nor did she mention any impact those tornados had on her place of business. As shown in an IRS report of the of all returns prepared by the Defendant for the 2010 tax year, the Defendant e-filed at least six reports after April 27, 2011. Agent Glenon claims he contacted the landowner of the Defendant's place of business. The landowner did not recall any damage to the

3

property. He also denied removing any items of the Defendant's from the property. However, he stated that his wife, Yolanda Motley, would have better knowledge as she aided him in managing the property. (doc. 26-1). In the second attached declaration, Yolanda Motley affirmatively states that the April 27, 2011 tornados did not cause damage to the property in question. The third document attached to United States' motion was given to Agent Glenon by Ms. Pearson during the alleged meeting. That document, dated May 5, 2011, contains a list of Ms. Pearson's clients for the 2010 tax year as contained on an online database. (doc. 26, Exhibit A). The United States filed its Motion for Sanctions Seeking an Order Holding Pearson in Contempt on August 13, 2012.

### III. LEGAL STANDARDS

The federal courts may impose sanctions against "recalcitrant lawyers and parties litigant." *Serra Chevrolet, Inc. v. General Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006) (quoting *Calucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1446 (11th Cir. 1985)). Civil contempt "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Id.* (quoting *Int'l Union, UMW v. Bagwell*, 512 U.S. 821, 831 (1994)). The district courts have "wide discretion to fashion an equitable remedy for [civil] contempt that is appropriate to the circumstances." *United States v. City of Miami*, 195 F.3d 1292, 1298 (11th Cir. 1999) (quoting *EEOC v. Guardian Pools,* 828 F.2d 1507, 1515 (11th Cir. 1987)).

"A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order." *Commodity Futures Trading Com. v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992). Specifically, the party moving for contempt must establish by clear and

convincing evidence that "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Riccard v. Prudential Ins. Co. Of Am.*, 307 F.3d 1277, 1296 (11th Cir. 2002).

Once a prima facie showing of a violation has been made, the burden of production shifts to the alleged contemnor, who may defend her failure on the grounds that she was unable to comply. The burden shifts back to the initiating party only upon a sufficient showing by the alleged contemnor. The party seeking to show contempt, then, has the burden of proving ability to comply. To succeed on the inability defense, the alleged contemnor must go beyond a mere assertion of inability and establish that she has made in good faith all reasonable efforts to meet the terms of the court order she is seeking to avoid. *Commodity Futures Trading Com.*, 950 F.2d at 1529.

A party must file a motion to alter or amend a judgment "no later than 28 days after the entry of judgment." *Fed. R. Civ. P. 59(e)*. A district court may not extend the time "to act under Rule 59(e) . . . ." *Fed. R. Civ. P. 6(b)(2)*. This inability to lengthen the filing period preserves the finality of judgments. *See Green v. DEA*, 606 F.3d 1296, 1300 (11th Cir. 2010).

The court may relieve a party from a final judgment or order for excusable neglect. *Fed. R. Civ. P. 60(b)(1)*. To establish excusable neglect, a party must show that "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) good reason existed for failing to reply to the complaint." *In re Worldwide Web Sys.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Mere denials of allegations in the complaint are insufficient. *Id.* at 1296. To support its showing, a party must introduce evidence. *See Citronelle-Mobile Gathering Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th

Cir. 1991). Relief can also be provided under Rule 60(b) because the judgment has been satisfied or applying the judgment "prospectively is no longer equitable." *Fed. R. Civ. P. 60(b)(5)*. A party can ask a court "to modify or vacate a judgment or order if 'a significant change either in factual conditions of in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)). "The party seeking relief bears the burden of establishing that changed circumstances warrant relief." *Horne*, 557 U.S. at 447.

## IV. DISCUSSION

### A. Motion for Relief from Judgment or Order

Through her Motion for Relief from Judgment or Order and her Motion to Modify or Dissolve Order, Ms. Pearson appears to assert two grounds under Fed. R. Civ. P. 60. (doc. 19, 24). First, she argues that excusable neglect exists under Fed. R. Civ. P. 60(b)(1). (doc. 19). To prevail on this claim, she must begin by proving the existence of a meritorious defense. *In re Worldwide Web Sys.*, 328 F.3d at 1295. However, her motion makes no mention of any defense to the claims in the Government's amended complaint. Ms. Pearson also failed to show that granting her motion will not result in prejudice against the Government.

This court agrees with the United States that granting this motion will result in prejudice to the non-defaulting party in this matter. Setting aside the court's order would remove the legal bar preventing Ms. Pearson from "preparing false and fraudulent returns which, to date, have cost [the Government] an estimated $8.3 million." (doc. 22). Lastly, Ms. Pearson has not shown that good reasons exists for her failure to timely respond to the Government's amended complaint. While she stated in paragraph five of her Motion for Relief that she was not personally notified

6

of this action, this claim lacks any evidentiary support. Moreover, the United States has provided the court with ample evidence to the contrary. Accordingly, this court finds that the Defendant's motion is due to be denied.

### B. Defendant's Motion to Modify or Dissolve Order

Ms. Pearson filed this motion on May 23, 2012. Though she did not cite any statute, rule, or Eleventh Circuit precedent, no other procedural device comes as close to an effort to "modify" an order as the alteration or amendment allowable under Fed. R. Civ. P. 59(e). To the extent this motion falls under Fed. R. Civ. P. 59(e), the motion is untimely. This court issued the order that Ms. Pearson seeks to alter or amend on January 26, 2012. She filed her motion well after twenty-eight days, on May 23, 2012. Therefore, this motion is due to be denied. Additionally, given the motion to alter or amend fails for untimeliness, this court need not determine whether the Defendant's Fifth Amendment claim has any merit.

To the extent this motion falls under Fed. R. Civ. P. 60(b)(5), it should still be denied. Ms. Pearson appears to claim this court should not enforce its order because the judgment has been satisfied. The motion could be construed to fall partially under Fed. R. Civ. P. 60(b)(5), which allows for relief from judgment if the judgment has been satisfied. "[A] significant change either in factual conditions or in law," such as satisfaction, could allow the court to modify or alter the judgement. *Horne*, 129 S. Ct. at 2593. However, Ms. Pearson has made no mention or argument of a significant change in facts or law of this case, failing to meet the burden of establishing such facts. The court finds that the Defendant's motion, so far as it falls under Fed. R. Civ. P. 60(b)(5), is also due to be denied.

**C. United States' Motion for Sanctions Seeking an Order Holding Pearson in Contempt**

The Government satisfied its initial burden of proving by clear and convincing evidence that Pearson violated an outstanding court order. On January 26, 2012, this court issued an order requiring Ms. Pearson to produce, within 30 days, a detailed list of information regarding her clients, copies of returns and forms she prepared or directed, and a sworn statement of her compliance. (doc. 14). Two months later, the Government presented the declaration from Michelle Abroms Levin, a trial attorney with the Tax Division of the Department of Justice, who declared that the Government had not received any of the information, documents, or certifications that Ms. Pearson was required to provide. (doc. 15-1). Notably, Ms. Pearson admitted to non-compliance in her response when she claimed an inability to comply because of circumstances beyond her control. (doc. 20).

This evidence satisfies the United States' burden to make the initial showing of the Ms. Pearson's failure to comply. Hence, the burden shifts to the Defendant to show her inability to comply. *See Commodity Futures Trading Com***.**, 950 F.2d at 1529. To prove her inability to comply, Ms. Pearson first filed the Response to Show Cause Order. (doc. 20). This motion alleged the damage and missing documents following the April 27 tornado. (doc. 20). Following the May 15 hearing, this court issued an order requiring Ms. Pearson to produce *written evidence* that supports her positions regarding the show cause order and her motion. (doc. 23). In an effort to comply with this court's order, Ms. Pearson filed an affidavit with the court on May 25, 2012. (doc. 25). Ms. Pearson's affidavit alleged that she could not "inform all person that I have prepared tax returns or produce a list of names, social security numbers, addresses, e-mail

addresses, phone numbers or produce copies of returns due to the fact that the software used in the preparation was destroyed by the April 27, 2011 tornado and is no longer in existence." (doc. 25). Neither Ms. Pearson's motion nor her affidavit goes beyond mere assertions, as the legal standards require, and she has not produced any evidence in support of her assertions nor any additional evidence. This court finds that Ms. Pearson has not in good faith made all reasonable efforts to comply with this court's order.

Though this court finds no need for the United States to rebut the Defendant's insufficient showing, the United States has done so clearly. On June 4, 2012, the Government attached a declaration by IRS Agent Paul E. Glenon to its Motion to Alter Judgment (doc. 26-1). Agent Glenon claimed Ms. Pearson appeared in his office on May 5, 2011, with nine of the ten requested client files. Additionally, Agent Glenon stated that Ms. Pearson produced materials relating to her tax return preparation services. These materials entailed a printout from Drake Software listing her clients for the 2010 tax year; the list states "Report created on 5/5/2011 at 1:52:47 PM." This list was also attached to the Government's motion. (doc. 26-1, Exhibit A). Agent Glenon also stated he pulled an IRS report for the investigation that showed that at least six of the returns were e-filed after April 27, 2011. (doc. 26-1). Additionally, the declaration of Yolanda Motley, manager of the property on which Ms. Pearson's place of business is located, states that the tornados that hit Birmingham, Alabama on April 27, 2011 did not cause damage to the property in question. (doc. 26-2). This evidence clearly shows that Ms. Pearson had the ability to produce the information and comply with the request in the days following in the April 27 disaster.

For the foregoing reasons, this court finds that the Defendant had the ability to but did not

9

comply with a valid, lawful, clear, and unambiguous order by this court. This court finds the Defendant in contempt and will grant the motion for sanctions. Consistent with the Government's request, the court orders Ms. Pearson to comply with production requests within seven days of the entry of this order. Should Ms. Pearson refuse to comply, the court will subsequently determine appropriate sanctions, taking the Government's requests for fines and incarceration under advisement.

## V. CONCLUSION

This court concludes that the Defendant's Motion for Relief From Judgment or Order and Defendant's Motion to Motion to Modify or Dissolve Order are due to be DENIED. Additionally, this court finds the Government's Motion Seeking an Order of Contempt is due to be GRANTED.

A separate order will be entered in accordance with this Memorandum Opinion.

DONE and ORDERED this 2nd day of November, 2012.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE